UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN MARIE FOSTER,<br><br>Plaintiff,<br><br>v.<br><br>DIGITAL SAFETY PRODUCTS, LLC,<br><br>Defendant. | Case No.: 3:25-cv-01782-H-KSC<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE AMENDED ANSWER AND THIRD-PARTY COMPLAINT**<br><br>[Doc. No. 15.] |

On October 20, 2025, Defendant Digital Safety Products, LLC ("Defendant") filed a motion for leave to file an amended answer and third-party complaint. (Doc. No. 15.) On October 27, 2025, Plaintiff Karen Foster ("Plaintiff") filed a response in opposition. (Doc. No. 17.) On October 30, 2025, Defendant filed its reply. (Doc. No. 18.)

A hearing on Defendant's motion is currently scheduled for Monday, November 10, 2025 at 10:30 a.m. The Court, pursuant to its discretion under Civil Local Rule 7.1(d)(1), determines the matter is appropriate for resolution without oral argument, submits the motion on the parties' papers, and vacates the hearing. For the reasons discussed below, the Court grants Defendant's motion for leave to file an amended answer and third-party complaint.

///

**BACKGROUND**

I.   **Factual Allegations in Plaintiff's Complaint**

On July 11, 2025, Plaintiff filed a complaint against Defendant, a San Diego-based consumer reporting agency, alleging that Defendant violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., the California Investigative Consumer Reporting Agencies Act ("CICRAA"), Cal. Civ. Code § 1786 et seq., and the California Consumer Credit Reporting Agencies Act ("CCCRAA"), Cal. Civ. Code § 1785.14 et seq. (Doc. No. 1, Compl. ¶¶ 2, 169-234, 291-311.) Plaintiff also alleges that Defendant defamed Plaintiff by disseminating a false consumer report (the "Report") that led to the termination of her employment with Morningstar's Bed, Bath and Curtain (the "Company"), irreparable damage to her relationship with Kenneth Morningstar ("Morningstar"), the loss of a business opportunity with Morningstar, damage to her reputation, and emotional distress. (Id. ¶¶ 235-290.)

II.  **Additional Factual Allegations in Defendant's Proposed Amended Answer and Third-Party Complaint**

On August 11, 2025, Defendant filed an answer to Plaintiff's complaint. (Doc. No. 6.) On September 24, 2025, Plaintiff provided her Initial Disclosures, including an illegible copy of the purported false consumer report from which her claims arise. (Doc. No. 15 at 3; Doc. No. 15-1, Diego Decl ¶ 3.) Plaintiff has not provided Defendant with a legible copy. (Id. ¶ 7.)

On September 30, 2025, Defendant obtained a legible copy of the alleged consumer report from a third-party, Casey Morningstar, which Defendant produced to opposing counsel. (Id. ¶ 8.) On October 17, 2025, Defendant also obtained the Company's responses to a subpoena issued by Defendant. (Id. ¶ 9.)

Defendant's present motion is based on the following allegations: the Company and Morningstar republished the statements concerning Plaintiff that Plaintiff alleges are defamatory and made employment decisions based on the Report allegedly purchased from Defendant. (Doc. No. 15 at 3; Doc. No. 15-3 at 30.) While Defendant denies that it

provided the Report, if Plaintiff's allegations are true and the public records report provided by Defendant is found to be the Report at issue, then the Company failed to comply with its obligations under the FCRA, CICRAA, and CCCRAA. (Doc. No. 15 at 4.) In particular, the Company obtained the Report without Plaintiff's written authorization, failed to provide Plaintiff with an opportunity to review and correct the Report before termination, and wrongfully terminated Plaintiff based on the Report. (Id.; Doc No. 15-3 at 30-31.)

By the present motion, Defendant moves the Court for an order granting it leave to: (1) amend its answer to assert an additional affirmative defense of immunity pursuant to 47 U.S.C § 230(c)(1) and Fed. R. Civ. P. 15; (2) add Kenneth Morningstar and Morningstar's Bed, Bath and Curtain as third parties; and (3) file a third-party complaint against Morningstar and the Company based on their intervening and contributory conduct. (Id. at 3, 4.) The Court will address each of these requests in turn.

## DISCUSSION

### I. Defendant's Motion to Amend its Answer to Include Additional Affirmative Defense is Granted

Defendant seeks to add an additional affirmative defense of immunity to its answer pursuant to 47 U.S.C. 230(c). (Id. at 6-7.) Plaintiff does not oppose Defendant's request in its Response.

#### A. Legal Standard

Federal Rule of Civil Procedure 15(a) provides that once a responsive pleading is served, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Id. The Ninth Circuit has instructed that this policy is "'to be applied with extreme liberality.'" Hoang v. Bank of Am., N.A., 910 F.3d 1096, 1102 (9th Cir. 2018) (quoting Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003)). The decision whether to grant leave to amend "is entrusted to the sound discretion of the trial court." Pisciotta v. Teledyne Indus., 91 F.3d 1326, 1331 (9th Cir.

1  1996).

   When determining whether to grant leave to amend, courts generally consider five factors, known as the Foman factors as stated by the Supreme Court in Foman v. Davis, 371 U.S. 178, 182 (1962). These factors include: (1) undue delay; (2) bad faith on the part of the party seeking leave to amend; (3) undue prejudice to the non-moving party; (4) futility of amendment; and (5) whether the party has previously amended the pleading. Foman, 371 U.S. at 182; see Desertrain v. City of Los Angeles, 754 F.3d 1147, 1154 (9th Cir. 2014); Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004). "Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Eminence Cap., 316 F.3d at 1052.

   The party opposing amendment bears the burden of showing prejudice, unfair delay, bad faith, or futility of amendment. Id.; see also DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186–87 (9th Cir. 1987).

   **B.   Analysis**

   The Foman factors weigh in favor of granting the Defendant's motion to amend its answer to assert an additional affirmative defense. There is no evidence of bad faith or undue delay by the Defendant. The proposed amendment does not appear to be futile. The Defendant has not previously amended its answer in this action, and there is no apparent prejudice to the Plaintiff at issue. Indeed, Defendant's motion to amend its answer to assert an additional affirmative defense is unopposed. As such, after weighing the Foman factors, the Court grants the Defendant's leave to file its proposed amended answer. (See Doc. No. 15-3.)

**II.   Defendant's Motion to Add Third Parties and File a Third-Party Complaint Against Kenneth Morningstar and Morningstar's Bed, Bath and Curtain is Granted**

   Defendant requests leave to add Kenneth Morningstar and Morningstar's Bed, Bath and Curtain as third-parties and file a third-party complaint against them for: (1)

defamation by republication against all third-party Defendants for further disseminating allegedly false statements contained in the Report; (2) negligence, by all third-party Defendants, for failing to verify, investigate, or accurately communicate the contents of the Report prior to taking acts which allegedly resulted in harm to the Plaintiff; and (3-5) against Morningstar's Bed, Bath and Curtain for violation of the FCRA, the CICRAA, the CCCRAA, and wrongful termination. (Doc. No. 15 at 6.) Plaintiff opposes Defendant's request to add Morningstar and the Company as third parties and file a third-party complaint on the grounds that the Court lacks personal jurisdiction over Morningstar and the Company. (Doc. No. 17.)

### A. Legal Standard

As an initial matter, Defendant submitted its Motion for Leave to File Third-Party Complaint under Federal Rule of Civil Procedure Rules 13(g), 19, and 20(a). (Doc. No. 15 at 6.) As neither Kenneth Morningstar nor Morningstar's Bed, Bath and Curtain are existing parties to this matter and Defendant is seeking to assert its own claims against these parties, Defendant should have submitted a motion for leave to file third-party complaint under Federal Rule of Civil Procedure Rule 14.

Under Federal Rule of Civil Procedure 14(a)(1), "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). The decision about whether to grant leave to implead a third-party defendant rests in the sound discretion of the district court. Sw. Adm'rs., Inc. v. Rozay's Transfer, 791 F.2d 769, 777 (9th Cir. 1986). The purpose of Rule 14 is "to promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third individual who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's original claim." Id. "Since the rule is designed to reduce multiplicity of litigation, it is construed liberally in favor of allowing impleader." KKMB, LLC v. Khader, 2020 WL 7978993, at *4 (C.D. Cal. June 17, 2020) (quoting Fed. Deposit Ins. Corp. v. Loube, 134 F.R.D. 270, 272 (N.D. Cal. 1991)).

A third-party claim may be asserted under Rule 14 "only when the third party's liability is in some way dependent on the outcome of the main claim and is secondary or derivative thereto." Stewart v. Am. Int'l Oil & Gas Co., 845 F.2d 196, 199 (9th Cir. 1988). "The crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff. The mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough." Id. at 200 (quoting Wright & Miller, 6 Fed. Prac. & Proc. § 1446 at 257 (1971 ed.)); see also United States v. One 1977 Mercedes Benz, 708 F.2d 444, 452 (9th Cir. 1983) ("It is not sufficient that the third-party claim is a related claim; the claim must be derivatively based on the original plaintiff's claim.").

### B. Analysis

Defendant argues that Morningstar and the Company should be added as third-party Defendants based on their intervening and contributory conduct of republishing the statements concerning Plaintiff that Plaintiff alleges are defamatory and making employment decisions based on the Report. (Doc. No. 15 at 3-4; Doc. No. 15-3 at 31.) Plaintiff objects to Defendant's request on the grounds that Defendant has failed to allege that the Court has personal jurisdiction over Morningstar and the Company. (Doc. No. 17 at 2.)

#### i. Jurisdiction

The Court finds Plaintiff's objection unavailing. As Defendant notes, Plaintiff lacks standing to contest personal jurisdiction on behalf of the proposed third-party Defendants. This is because "[t]he personal jurisdiction requirement recognizes and protects an individual liberty interest." Dow Chemical Co. v. Calderon, 422 F.3d 827, 831 (9th Cir. 2005) (quoting Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702-03 (1982)). Further, as an individual liberty interest, "it can, like other such rights, be waived." Id. "[B]ecause the personal jurisdiction requirement is a waivable right, there are a 'variety of legal arrangements' by which a litigant may give 'express or implied

consent to the personal jurisdiction of the court.'" Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 n. 14 (1985) (quoting Ins. Corp., 456 U.S. at 703).

Here, Morningstar and the Company have yet to be added as third-party Defendants, so it is unclear whether they will waive or object to the personal jurisdiction requirement. It is possible that Morningstar and the Company could provide express or implied consent to the Court or waive personal jurisdiction thereby granting the Court proper personal jurisdiction. As such, Plaintiff may not object on Morningstar or the Company's behalf. Without more, the Court does not find Plaintiff's objection to a lack of personal jurisdiction sufficient to deny leave to add Morningstar and the Company as third parties or to deny Defendant from filing a third-party complaint.

With respect to subject matter jurisdiction, Defendant asserts that the Court has federal question jurisdiction over the claims against Morningstar and the Company pursuant to 28 U.S.C. § 1331 based on the FCRA claims. (Doc. No. 15-3 at 29.) The federal supplemental jurisdiction statute also provides that if a court has original jurisdiction over a case, it may exercise supplemental jurisdiction over "all other claims that are so related to claims in the action ... that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Supplemental jurisdiction extends to claims that involve the joinder or additional parties. Id.

Here, the claims in Defendant's third-party complaint arise from the same factual circumstances and controversy as Plaintiff's action against Defendant. Plaintiff's claims against Defendant allege that Defendant defamed Plaintiff by disseminating a false consumer report that led to the termination of her employment with the Company, irreparable damage to her relationship with Morningstar, the loss of a business opportunity with Morningstar, damage to her reputation, and emotional distress. (Doc. No. 1, Compl. ¶¶ 235-290.) Defendant's proposed third-party claims generally allege that Morningstar and the Company obtained the Report without Plaintiff's pre-authorization in violation of the FCRA, failed to allow Plaintiff an opportunity to dispute the contents of the Report prior to terminating her employment in violation of the FCRA, and negligently misused

and republished the Report without verifying its accuracy thereby causing harm to the Plaintiff. (Doc. No. 15-3 at 31-34.) Accordingly, the Court has supplemental jurisdiction over Defendant's third-party claims against Morningstar and the Company.

### ii. Rule 14

In its third-party complaint, Defendant seeks equitable indemnification and complete contribution from Morningstar and the Company for any judgment, settlement, or damages awarded to Plaintiff. (Id. at 34.) Under the doctrine of equitable indemnity, "defendants are entitled to seek apportionment of loss between the wrongdoers in proportion to their relative culpability so there will be equitable sharing of loss between multiple tortfeasors." Greystone Homes, Inc. v. Midtec, Inc., 168 Cal. App. 4th 1194, 1208 (2008) (quoting Gem Developers v. Hallcraft Homes of San Diego, Inc., 213 Cal. App. 3d 419, 431 (1989)); see also Stop Loss Ins. Brokers, Inc. v. Brown & Toland Med. Grp., 143 Cal. App. 4th 1036, 1040 (2006) (equitable indemnity is "available among tortfeasors who are jointly and severally liable for the plaintiff's injury"). A claim for equitable indemnity is "wholly derivative" of the injured party's claims. Prince v. Pac. Gas & Elec. Co., 45 Cal. 4th 1151, 1158 (2009).

Here, Defendant seeks to transfer liability for Plaintiff's claims against Defendant to Morningstar and the Company. In its third-party complaint, Defendant alleges that Morningstar and the Company's republication, negligent use of public-record information, and statutory violations directly caused or substantially contributed to the damages claimed by Plaintiff. (Doc. No. 15-3 at 29.) In particular, Defendant alleges that Morningstar and the Company obtained the Report without Plaintiff's pre-authorization in violation of the FCRA, failed to allow Plaintiff an opportunity to dispute the contents of the Report prior to terminating her employment in violation of the FCRA, and negligently misused and republished the Report without verifying its accuracy. (Id. at 31.) The allegations set forth in Defendant's proposed third-party complaint could impose liability on Morningstar and the Company and is thus derivative of Plaintiff's claims against Defendant. Accordingly, without addressing the merits or ultimate viability of the third-party complaint, Defendant's

claims for indemnity against Morningstar and the Company may properly be brought pursuant to Rule 14.  See Stewart, 845 F.2d at 199 ("[A] third-party claim may be asserted only when the third party's liability is in some way dependent on the outcome of the main claim and is secondary or derivative thereto.").

For the reasons above, the Court grants Defendant's leave to file a third-party complaint against Morningstar and the Company.

## CONCLUSION

For the reasons above, the Court grants Defendant's motion for leave to file an amended answer and Defendant's motion for leave to file a third-party complaint. Defendant must file its proposed first amended answer (Doc. No. 15-3) **within seven (7) days** from the date this order is filed and its third-party complaint **within fourteen (14) days** from the date this order is filed.

**IT IS SO ORDERED.**

DATED:  November 3, 2025

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT